**James J. ANDERSON, Plaintiff,**

v.

**Anthony DeROSE and Harold Tabaksman, Defendants.**

No. 72-C-532.

United States District Court,
E. D. Wisconsin.

May 25, 1973.

Charne, Glassner, Tehan, Clancy & Taitelman, by Robert E. Tehan, Milwaukee, Wis., for plaintiff.

Giulio J. A. Fornary, by Fornary & Fornary, Racine, Wis., for Anthony DeRose.

Gaines & Saichek by David A. Saichek, Milwaukee, Wis., for Harold Tabaksman.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Each of the defendants has moved to dismiss the complaint on the ground that the action is barred by the applicable statute of limitations. In a decision and order dated January 18, 1973, this court considered a similar motion in connection with the original complaint. The briefs submitted with the former motion have been reviewed in regard to the present motions.

The amended complaint contains the assertion that the plaintiff had no knowledge of the misleading character of the representation by the defendant until November, 1971.

The court must determine whether the present complaint is maintainable under the existing statutes of limitation. I find that the amended complaint must fail because on its face it does not meet the requirements of either § 189.18(3), Wis.Stats. or the more recent statute, § 551.59(5). The latter section became effective on January 1, 1970.

Since the transaction itself occurred in September, 1966, it is clear that the three year limitation of § 189.18, Wis. Stats. would bar the action; however, by alleging an absence of knowledge until November, 1971, the plaintiff seeks to find protection under § 551.59(5). The latter section provides as follows:

"(5) No action shall be maintained under this section unless commenced before the expiration of 3 years after the act or transaction constituting the violation or the expiration of one year after the discovery of the facts constituting the violation, *whichever first expires,* but the time specified for commencing such action shall be extended by reason of any fact and for the time specified in ss. 893.30 to 893.38." (emphasis added).

In my opinion, it is clear that § 551.-59(5) does not extend the three year pe-

**674**

riod but rather restricts the vital period to either three years or one year after the discovery "whichever first expires". When the action was commenced in September, 1972, the three year period had expired, and it was not resuscitated by the November discovery.

Since I find nothing in the complaint which justifies an extension under § 893.30 to 893.38, it follows that the complaint fails by reason of the strictures of the statutory time limitations.

Therefore, it is ordered that the defendant's motions to dismiss the complaint be and hereby are granted.